The Honorable Ricardo S. Martinez

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MIKE HOWISEY, as attorney in fact for WALLACE E. HOWISEY, an incapacitated person,<br><br>                      Plaintiff,<br><br>    v.<br><br>TRANSAMERICA LIFE INSURANCE COMPANY, a foreign corporation organized under the laws of the State of Iowa,<br><br>                      Defendant. | No. 2:17-cv-00009 RSM<br><br>FIRST AMENDED CLASS ACTION COMPLAINT FOR BREACH OF INSURANCE CONTRACT, BAD FAITH, THE INSURANCE FAIR CONDUCT ACT, AND OTHER RELIEF |

Plaintiff Mike Howisey as litigation guardian with power of attorney for his father, Wallace Howisey, and on behalf of all others similarly situated (i.e., the "Class" as defined below) by and through his attorney of record, and by way of complaint asserts the following:

## I.     NATURE OF THE ACTION.

1.1     Plaintiff brings this class action individually and on behalf of the Class against Transamerica Life Insurance Company, Inc., (the "Transamerica") and for breach of an insurance contract, bad faith, violation of the Insurance Fair Conduct Act, and other relief, upon personal knowledge as to himself and his own acts, and as to all other matters upon information and belief based on the investigation made by his attorneys.

1ST AMENDED COMPLAINT FOR BREACH
OF CONTRACT AND BAD FAITH, ETC. - 1
2:17-cv-00009 RSM

**LAW OFFICE OF
RANDALL JOHNSON**
P.O. Box 15881
Seattle, Washington 98115
Telephone: (206) 890-0616

## II.  PARTIES AND KEY ACTORS.

2.1  Plaintiff Mike Howisey is the personal representative and legal guardian of his father, Wallace Howisey ("Howisey").  Wallace Howisey is a resident of King County, Washington.

2.2  Defendant Transamerica Life Insurance Company ("Transamerica") is an Iowa corporation authorized by the Washington Office of Insurance Commissioner to conduct business in the state of Washington.

2.3  Non-party John Missler is a Washington resident.  Mr. Missler sells long-term care insurance in Washington.  Mr. Missler sold Mr. Howisey his long-term care insurance.

2.4  The long-term care insurance sold by Mr. Missler was offered by Bankers United Life Assurance Company.  Bankers United Life Assurance Company was then merged into Life Investors Insurance Company of America, and in 2008, Life Investors Insurance Company of America was merged into Transamerica.  Transamerica now holds the policy sold to Mr. Howisey.  All of Transamerica's predecessors in interest are included below within the defined term "Transamerica."

## III.  JURISDICTION AND VENUE.

3.1  This action was originally filed in King County Superior Court.

3.2  On January 4, 2017, Transamerica removed the action to the U.S. District Court pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453.  See Dkt. 1.

## IV.  STATEMENT OF FACTS.

4.1  In 1995, Mr. Howisey was interested in purchasing long-term care insurance.  Mr. Missler met with Mr. Howisey to discuss long-term care policies.

1ST AMENDED COMPLAINT FOR BREACH OF CONTRACT AND BAD FAITH, ETC. - 2
2:17-cv-00009 RSM

LAW OFFICE OF
RANDALL JOHNSON
P.O. Box 15881
Seattle, Washington 98115
Telephone: (206) 890-0616

4.2     Mr. Missler promoted a policy offered by Bankers United Life Assurance Company called the "GoldenCare Protector" policy. The explanation of benefits for the policy stated that coverage for dementia was provided.

4.3     Mr. Missler promoted the broad coverage available under the policy. Upon information and belief, Mr. Missler was conveying information about the policy that was provided to him from Transamerica.

4.4     Based on Mr. Missler's representations and the promotional materials provided, Mr. Howisey and his wife both purchased policies.

4.5     Mr. Howisey's policy, policy number 3400674149, took effect on 9/15/1995.

4.6     The policy provides coverage for three levels of care: Home Health Care, Assisted Living, and Nursing Home care.

4.7     Under exclusions and limitations for "Nursing Home" care, the exclusions did not state that care must be provided in a home that is licensed by the state of Washington as a nursing home.

4.8     At the time the policy was issued, the annual premium for the policy was $807.00 per year. The premium increased over time.

4.9     Mr. Howisey made timely payments of his premiums and his policy has remained in force since inception.

4.10    In 2013, Mr. Howisey's wife died. Because both had purchased long-term care policies, all further premium payments were waived by Defendant Transamerica.

4.11    In 2014, Mr. Howisey was suffering from dementia. Mr. Howisey requested the Home Health Care benefit from Transamerica. Transamerica denied Mr. Howisey's claim for the Home Health Care benefit.

4.12    In 2014, Mr. Howisey was admitted to Aegis of Kirkland. Transamerica provided coverage under the "Assisted Living" benefit.

1ST AMENDED COMPLAINT FOR BREACH OF CONTRACT AND BAD FAITH, ETC. - 3
2:17-cv-00009 RSM

LAW OFFICE OF
RANDALL JOHNSON
P.O. Box 15881
Seattle, Washington 98115
Telephone: (206) 890-0616

4.13    In 2016, Transamerica informed Mr. Howisey that his "Assisted Living" coverage limits were exhausted.  Mr. Howisey asked Transamerica for coverage under the "Nursing Home" benefit.

4.14    Transamerica denied coverage under the "Nursing Home" benefit.

4.15    Transamerica informed Mr. Howisey that in order to obtain the "Nursing Home" benefit, Mr. Howisey's care must be in a facility that is licensed by the State of Washington as a nursing home.

4.16    Transamerica's representation to Mr. Howisey is based on a strategy Transamerica uses to deny legitimate claims.  Transamerica adopted the strategy in approximately 2006.  Transamerica routinely denies "nursing home" claims based on a facility license.

4.17    Transamerica has litigated this issue in state and federal court in the State of Washington.  Washington courts have found that care under the "Nursing Home" benefit does not require care in a facility that is licensed as a nursing home.

4.18    Transamerica has paid "Nursing Home" benefits to Washington residents in facilities that are not licensed by the State of Washington as a nursing home.

4.19    When Transamerica denied Mr. Howisey's claim for the Nursing Home benefit, Transamerica provided Mr. Howisey with an "Alternate Plan of Care Arrangement." The Alternate Plan of Care Agreement would replace the coverage Mr. Howisey would be entitled to receive under his policy.

4.20    In offering Mr. Howisey this change, Transamerica did not inform Mr. Howisey that Washington Courts have found coverage under the Nursing Home benefit in facilities that are not licensed as "nursing homes."

1ST AMENDED COMPLAINT FOR BREACH OF CONTRACT AND BAD FAITH, ETC. - 4
2:17-cv-00009 RSM

**LAW OFFICE OF RANDALL JOHNSON**
P.O. Box 15881
Seattle, Washington 98115
Telephone: (206) 890-0616

4.21    In denying Mr. Howisey coverage under the Nursing Home benefit, Transamerica provided Mr. Howisey with a list of facilities that it contended would qualify for the Nursing Home benefit.

4.22    None of the facilities on the list provided to Mr. Howisey treat dementia or have beds for Alzheimer's patients.

4.23    As part of its business strategy in denying Nursing Home claims, Transamerica retains a third party—in Mr. Howisey's case an entity named "Care Scout" --as a pretext to support Transamerica's denial of claims.

4.24    Neither Transamerica nor Care Scout make any attempt to determine if the facilities it suggests for dementia patients have facilities that are able to care for patients with dementia, or have beds available to care for patients with dementia.

4.25    Transamerica's investigation into whether or not a care facility is a facility qualified to provide care under the terms of the policy was inadequate, and pre-disposed to provide Transamerica with a pretextual basis for denying coverage.

4.26    In its denial of coverage, Transamerica stated that "Nursing Home" care under the policy must be provided in a home licensed by the State of Washington as a "nursing" home.

4.27    Transamerica asserted that Mr. Howisey's care facility—Aegis of Kirkland—was not a "nursing home" under the policy definition.

4.28    In its denial of coverage, Transamerica asserted that a facility like Aegis is prohibited by Washington law from providing nursing care to residents with dementia.

4.29    Transamerica's statement that a facility like Aegis is prohibited by Washington law from providing nursing care to residents is a false statement.

4.30    Transamerica knew that its statement that a facility like Aegis is prohibited by Washington law from providing nursing care to residents was false.

1ST AMENDED COMPLAINT FOR BREACH OF CONTRACT AND BAD FAITH, ETC. - 5
2:17-cv-00009 RSM

LAW OFFICE OF
RANDALL JOHNSON
P.O. Box 15881
Seattle, Washington 98115
Telephone: (206) 890-0616

4.31    Transamerica made this statement in an attempt to discourage the Howisey's and others from pursuing claims for coverage.

4.32    In its denial of coverage, Transamerica also stated that regulations enacted by the State of Washington prohibit assisted living facilities from admitting or retaining any person requiring nursing care or medical care of a type provided by homes licensed as "nursing" homes.

4.33    Transamerica's statement that regulations enacted by the State of Washington prohibit assisted living facilities from admitting or retaining any person requiring nursing care or medical care of a type provided by homes licensed as "nursing" home is materially false and misleading.

4.34    Transamerica knew that this statement was materially false and misleading and made this statement in an attempt to discourage the Howiseys and others from pursuing claims for coverage.

4.35    Mr. Howisey submitted a complaint to the Office of Insurance Commissioner. The Office of Insurance Commissioner has not been able to resolve the dispute.

## V.  CLASS ALLEGATIONS.

5.1    Plaintiff brings this class action pursuant to Fed.R.Civ.P. 23 on behalf of himself and all members of the following Class:

All insureds of Transamerica residing in the State of Washington who:

- purchased a long-term care insurance policy from Transamerica,
- made a claim for "Nursing Home" benefits under that policy,
- were denied coverage by Transamerica within six years of the filing date of this action, and
- where the basis for denial of coverage, as stated in the statutorily mandated denial letter from Transamerica, was, in whole or in part, that the claimant was not being cared for in a facility that is licensed by the State of Washington as a nursing home.

1ST AMENDED COMPLAINT FOR BREACH
OF CONTRACT AND BAD FAITH, ETC.  - 6
2:17-cv-00009 RSM

**LAW OFFICE OF
RANDALL JOHNSON**
P.O. Box 15881
Seattle, Washington  98115
Telephone: (206) 890-0616

5.2     In dealing with the Class, Transamerica based its coverage determinations on information a reasonable investigation would have shown to be untrue;

5.3     Transamerica delegated its responsibility under the policies to third parties who were not properly trained or supervised;

5.4     Transamerica structured its investigations and facility assessments in a biased way so that no "Nursing Home" coverage would be afforded under the policy.

5.5     Transamerica compelled first party claimants to initiate or submit to litigation, arbitration, or an appraisal to recover amounts due under an insurance policy by offering substantially less than the amounts recovered in such actions or proceedings;

5.6     When faced with the rising cost of "Nursing Home" claims, Transamerica adopted a policy of denying "Nursing Home" claims by claiming that coverage only exists in facilities licensed by the State of Washington as a nursing home. Transamerica's policy interpretation is not supported by Washington long-term care statutes or regulations;

5.7     Transamerica's denial of "Nursing Home" claims is an attempt by Transamerica to avoid a legal obligation, and improve Transamerica's financial position vis-à-vis its insured; and

5.8     Upon information and belief, Transamerica mischaracterizes and misreports its "Nursing Home" denials to the Office of Insurance Commissioner in order to avoid scrutiny and sanction by the OIC.

5.9     Transamerica admits "that in the preceding six years preceding the filing of this action, there have been approximately 200 Transamerica long-term care insurance policy holders in the State of Washington for whom Nursing Home Benefits were denied based on the licensing status of the facility." Dkt. 1, Notice of Removal.

1ST AMENDED COMPLAINT FOR BREACH OF CONTRACT AND BAD FAITH, ETC. - 7
2:17-cv-00009 RSM

**LAW OFFICE OF RANDALL JOHNSON**
P.O. Box 15881
Seattle, Washington 98115
Telephone: (206) 890-0616

5.10    Transamerica has conducted an actuarial study of the approximately 199 persons similarly situated to Mr. Howisey and has determined that the combined amount of their past unpaid benefits exceeds $8.3 million dollars. *Id.*

5.11    In addition to the unpaid past benefits, the Class would be entitled to future benefits that are currently unknown, but that are actuarially calculable and that would be the subject of declaratory relief.

5.12    Members of the Class are so numerous and geographically dispersed that joinder of all Class members is impracticable. The precise number and identities of Class members are unknown to Plaintiff but should be obtainable through notice and discovery. Notice can be provided through a variety of means including publication, the cost of which is properly imposed on Defendant.

5.13    Plaintiff will fairly and adequately protect the interests of all Class members and has retained counsel competent and experienced in class and employment litigation and who has been repeatedly found to be adequate to represent the interests of class members in other complex class actions.

5.14    Plaintiff's claims are typical of the claims of the Class whose members sustained similar types of injury arising out of the conduct challenged in this action. The injuries flow from the common nucleus of operative facts detailed above.

5.15    Transamerica routinely denies coverage based on the license held by the facility, a denial which provides grounds generally applicable to the class as a whole.

5.16    There is a well-defined community of interest in the common questions of law and/or fact alleged herein since the rights of each Class member were infringed or violated in

1ST AMENDED COMPLAINT FOR BREACH OF CONTRACT AND BAD FAITH, ETC. - 8
2:17-cv-00009 RSM

LAW OFFICE OF
RANDALL JOHNSON
P.O. Box 15881
Seattle, Washington 98115
Telephone: (206) 890-0616

a similar fashion based upon Defendant's wrongdoing or arise out of similar legal obligations.

5.17    The common questions of law and fact detailed in this Complaint predominate over any questions solely affecting individual Class members.  Defendant engaged in a common course of conduct giving rise to the legal rights sought to be enforced by Plaintiff and the Class members.  Individual questions, if any, pale by comparison to the numerous common questions that predominate.

5.18    A class action is superior to other available methods for the fair and efficient adjudication of this controversy because joinder of all Class members is impracticable. Furthermore, the expense and burden of individual litigation make it impossible for the Class members to individually redress the wrongs done to them.

5.19    The claims in this action are manageable on a class-wide basis and can be the subject of a class-wide plan for litigating and resolving these issues.

5.20    Defendant also acted or has refused to act on grounds generally applicable to the Class, thereby making it appropriate to grant final declaratory and injunctive relief with respect to the Class as a whole.

## VI.    FIRST CAUSE OF ACTION- DECLARATORY JUDGMENT.

6.1    Plaintiff incorporates all preceding paragraphs.

6.2    Transamerica failed to pay claims due under the policy for long-term care.

6.3    Plaintiff and the Class are entitled to "Nursing Home" coverage under the long-term care policy.

6.4    An actual and justiciable controversy has arisen and now exists between Class and Defendants concerning the construction and interpretation of the policy for the "Nursing

1ST AMENDED COMPLAINT FOR BREACH OF CONTRACT AND BAD FAITH, ETC. - 9
2:17-cv-00009 RSM

**LAW OFFICE OF RANDALL JOHNSON**
P.O. Box 15881
Seattle, Washington 98115
Telephone: (206) 890-0616

Home" policy benefit. The Class is entitled to a judicial declaration from this Court of the rights of the Class and obligations of Defendants under the policy. The Class is entitled to a judicial declaration that Transamerica has acted in bad faith by misrepresenting policy provisions, failing to disclose all pertinent benefits, and compelling policy holders to initiate or submit to litigation to recover amounts due under the policy. This action is timely and appropriate under applicable law.

## VII.   SECOND CAUSE OF ACTION- BREACH OF CONTRACT.

7.1   Plaintiff incorporates all preceding paragraphs.

7.2   The long-term care policy held by Mr. Howisey and the Class entitled them to receive certain benefits, including coverage for "Nursing Home" benefits.

7.3   Transamerica has breached its contract with Mr. Howisey and the Class by refusing to pay "Nursing Home" benefits, and by failing to provide the services it promised under the policy. Mr. Howisey and the Class are entitled to recover amounts due under the policy, plus pre-judgment interest.

## VIII.   THIRD CAUSE OF ACTION- BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING.

8.1   Plaintiff incorporates all preceding paragraphs.

8.2   Transamerica has breached the implied covenant of good faith and fair dealing owed to Mr. Howisey and the Class.

8.3   Mr. Howisey and the Class have been damaged as a result.

8.4   Mr. Howisey and the Class are entitled to recover his actual and consequential damages including his attorney fees and pre-judgment interest.

## IX.   FOURTH CAUSE OF ACTION- INSURANCE FAIR CONDUCT ACT.

9.1   Plaintiff incorporates all preceding paragraphs.

1ST AMENDED COMPLAINT FOR BREACH OF CONTRACT AND BAD FAITH, ETC. - 10
2:17-cv-00009 RSM

**LAW OFFICE OF RANDALL JOHNSON**
P.O. Box 15881
Seattle, Washington 98115
Telephone: (206) 890-0616

9.2   Transamerica's denial of coverage violates the Insurance Fair Conduct Act, RCW 48.30.010, et. seq., and Washington Insurance Regulations in the following respects, among others:

9.3   Transamerica's denial misrepresents pertinent facts or insurance policy provisions;

9.4   Transamerica refused to pay Mr. Howisey's and the Class's claims without conducting a reasonable investigation;

9.5   Mr. Howisey and the Class are entitled to recover his damages, including attorney fees, prejudgment interest, and exemplary damages as a result of Transamerica's violations.

### X.   FIFTH CAUSE OF ACTION- VIOLATION OF THE CONSUMER PROTECTION ACT

10.1   Plaintiff incorporates all preceding paragraphs.

10.2   The business of insurance affects the public interest.

10.3   This policy was intended to provide coverage for dementia. Care for dementia is most commonly provided in facilities that are not licensed as nursing homes.

10.4   To the extent that this policy does not provide coverage for dementia, or to the extent that coverage is limited to dementia care facilities licensed as nursing homes, Transamerica's coverage is misleading. Transamerica's sale of the policy violates the Consumer Protection Act, RCW 19.86.

10.5   Mr. Howisey has been damaged as a result of these violations, and Plaintiff is entitled to recover his damages, including attorney fees, prejudgment interest, and exemplary damages.

### XI.   SIXTH CAUSE OF ACTION- BAD FAITH

11.1   Plaintiff incorporates all preceding paragraphs.

1ST AMENDED COMPLAINT FOR BREACH OF CONTRACT AND BAD FAITH, ETC. - 11
2:17-cv-00009 RSM

**LAW OFFICE OF RANDALL JOHNSON**
P.O. Box 15881
Seattle, Washington 98115
Telephone: (206) 890-0616

11.2    RCW 48.01.030 requires each insurer to act in good faith toward its insured. Transamerica misrepresented policy and statutory provisions and, among other things, structured its investigation of a care facility to lead to a denial of coverage.

11.3    Transamerica sold long term care insurance policies making certain assumptions about the future claims they would be forced to pay. Those assumptions were not accurate.

11.4    As a result, Transamerica sought rate increases from the Office of Insurance Commissioner. The rate increases requested, and the rate increases granted by the OIC, still would not resolve the shortfalls created by the promises for coverage made by Transamerica in the policy, and the premiums it was charging.

11.5    Transamerica developed a strategy to deny "Nursing Home" claims by asserting that care must be provided in a facility that is licensed by the State as a nursing home, and by alleging that a facility that is licensed as an assisted living facility is prohibited from providing "nursing" care, even though statutes specifically authorize assisted living facilities to provide a certain level of nursing care.

11.6    Dementia care is typically offered in facilities that are licensed by the state of Washington as assisted living facilities, and by claiming that dementia care must be provided in a facility that is licensed as a "nursing" home, Transamerica is attempting to reduce its claims, mislead its policyholders, and improve its own financial position.

11.7    In addition, Transamerica has litigated the issue whether "Nursing Home" care must be provided in a facility that is licensed by the State of Washington, and courts have found Transamerica's interpretation unreasonable. Stated differently, Transamerica's denial of coverage for the Nursing Home benefit based on a facility licensed as a nursing home has not been upheld by the Courts in Washington.

1ST AMENDED COMPLAINT FOR BREACH OF CONTRACT AND BAD FAITH, ETC. - 12
2:17-cv-00009 RSM

LAW OFFICE OF
RANDALL JOHNSON
P.O. Box 15881
Seattle, Washington 98115
Telephone: (206) 890-0616

11.8    Despite Courts having found "Nursing Home" coverage for facilities licensed as assisted living facilities, Transamerica continues to deny claims by stating that care must be provided in a facility that is licensed by the state as a nursing home.

11.9 Transamerica fails to disclose to its insureds, and to the regulatory authorities, that its policy interpretation has been rejected by the courts.

11.10    Transamerica has breached its duty to act in good faith.

11.116 As a result, Mr. Howisey is entitled to recover damages, including attorney fees, prejudgment interest, and exemplary damages.

## XII.    SEVENTH CAUSE OF ACTION- NEGLIGENT RETENTION AND SUPERVISION.

12.1    Plaintiff incorporates all preceding paragraphs.

12.2    Transamerica had an obligation under the terms of this policy to fully and fairly investigate claims arising under the policy, and to act in good faith toward its insured.

12.3    Transamerica delegated certain obligations under the policy to third parties, like CareScout, who then hire independent contractors to perform claim assessments.

12.4    Transamerica breached its duties to its insured by selecting third parties and/or CareScout without properly training third parties and/or CareScout or its representatives on the factors necessary for Transamerica to make an unbiased coverage determination.

12.5    Transamerica failed to supervise third parties and/or CareScout in its facility assessments, leading to inaccurate and incomplete assessments.

12.6    In fact, Transamerica instructed third parties and/or CareScout to complete the assessments in a way that would lead to a denial of coverage.

12.7    Transamerica then tells its insureds that a facility assessment was conducted by an "independent" party.

1ST AMENDED COMPLAINT FOR BREACH
OF CONTRACT AND BAD FAITH, ETC. - 13
2:17-cv-00009 RSM

**LAW OFFICE OF RANDALL JOHNSON**
P.O. Box 15881
Seattle, Washington 98115
Telephone: (206) 890-0616

12.8 With knowledge that third party and/or CareScout assessments lead to a denial of coverage, Transamerica uses the inaccurate and incomplete assessments as a pretext for its denial of coverage.

12.9 Mr. Howisey and the Class been damaged as a direct and proximate result of Transamerica's retention and supervision of third parties and/or CareScout and are entitled to recover their damages.

### XIII. EIGHTH CAUSE OF ACTION- INTENTIONAL MISRPRESENTATION IN THE DENIAL

13.1 Plaintiff incorporates all preceding paragraphs.

13.2 In its denials of coverage to Mr. Howisey and the Class, Transamerica stated that "Nursing Home" care under the policy must be provided in a home licensed by the State of Washington as a "nursing" home.

13.3 Transamerica routinely and customarily asserted to the Class that the care facilities employed by the Class were not "nursing homes" under the policy definition and/or that such facilities are prohibited by Washington law from providing nursing care to residents with dementia.

13.5 Transamerica's statement that a facilities like Aegis used by Mr. Howisey are prohibited by Washington law from providing nursing care to residents is a false statement.

13.6 Transamerica knew that its statements that a facilities like Aegis was prohibited by Washington law from providing nursing care to residents were false.

13.7 Transamerica made such statements to the Class in an attempt to discourage the Class from pursuing claims for coverage.

13.8 In its denials of coverage, Transamerica also routinely stated that regulations enacted by the State of Washington prohibit assisted living facilities from admitting or

1ST AMENDED COMPLAINT FOR BREACH OF CONTRACT AND BAD FAITH, ETC. - 14
2:17-cv-00009 RSM

**LAW OFFICE OF RANDALL JOHNSON**
P.O. Box 15881
Seattle, Washington 98115
Telephone: (206) 890-0616

retaining any person requiring nursing care or medical care of a type provided by homes licensed as "nursing" homes.

13.9 Transamerica's statements on regulations enacted by the State of Washington were grossly distorted so as to make it an untrue statement.

13.10 Transamerica knew its statements on what the Washington State regulations allow or prohibit was distorted and untrue.

13.11 Transamerica made the false statement with the intent that insureds would believe that no coverage existed under the policy.

13.12 Transamerica also routinely stated that the Washington Department of Social and Health Services approved of Transamerica's arguments.

13.13 Transamerica's statement was false or so grossly distorted the Washington Department of Social and Health Services position so as to make it an untrue statement.

13.14 Transamerica knew that it was misrepresenting the Washington Department of Social and Health Services position and portraying it in a false light.

13.15 Transamerica made the false statement with the intent that its insureds would believe that no coverage existed under the policy.

13.16 Mr. Howisey and the Class have been damaged as a result of Transamerica's misrepresentations.

## XIV.  PRAYER FOR RELIEF

Plaintiff prays for judgment against Defendants as follows:

A. For an Order certifying that this action be maintained as a class action and appointing Plaintiff as Representative of the Class and his counsel as Class counsel;

B. For a declaration that the policy issued to Mr. Howisey and the Class provides coverage for his dementia care;

1ST AMENDED COMPLAINT FOR BREACH OF CONTRACT AND BAD FAITH, ETC. - 15
2:17-cv-00009 RSM

**LAW OFFICE OF RANDALL JOHNSON**
P.O. Box 15881
Seattle, Washington 98115
Telephone: (206) 890-0616

C. For a declaration that long term care insurance policies cover "institutional" care, whether the facility is licensed as a nursing home or assisted living facility, that fall within the scope of coverage, and that the policies do not (and cannot by law) restrict coverage to facilities licensed as a nursing home.

D. For a declaration that Transamerica breached its obligations to Mr. Howisey and the Class;

E. For a declaration that Transamerica has acted in bad faith and violated Washington insurance code statutes and regulations;

F. For an award of special damages, general damages, prejudgment interest, attorney fees, and exemplary damages;

G. For and award of attorney fees under the *Olympic Steamship* doctrine;

H. For an award of attorney fees and exemplary damages for bad faith;

I. For a declaration that Transamerica was negligent in hiring, training, and supervising CareScout and for an award of damages that flow from the negligence;

J. For such other and further relief as the Court deems just and equitable.

DATED this ____th day of February, 2017.

LAW OFFICE OF RANDALL JOHNSON

By: *[signature]*
Randall C. Johnson, Jr.  WSBA #24556
Attorney for Plaintiff and the Class

1ST AMENDED COMPLAINT FOR BREACH OF CONTRACT AND BAD FAITH, ETC. - 16
2:17-cv-00009 RSM

**LAW OFFICE OF RANDALL JOHNSON**
P.O. Box 15881
Seattle, Washington 98115
Telephone: (206) 890-0616

BADGLEY MULLINS TURNER PLLC


/s/Duncan C. Turner
Duncan C. Turner, WSBA No. 20597
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
Telephone: (206) 621-6566
Facsimile: (206) 621-9686
Email: duncanturner@badgleymullins.com
Attorney for Plaintiff and the Class


BADGLEY MULLINS TURNER PLLC


/s/Daniel A. Rogers
Daniel A. Rogers, WSBA No. 46372
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
Telephone: (206) 621-6566
Facsimile: (206) 621-9686
Email: drogers@badgleymullins.com
Attorney for Plaintiff and the Class

1ST AMENDED COMPLAINT FOR BREACH OF CONTRACT AND BAD FAITH, ETC. - 17
2:17-cv-00009 RSM

LAW OFFICE OF
RANDALL JOHNSON
P.O. Box 15881
Seattle, Washington 98115
Telephone: (206) 890-0616