# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

MIKE HOWISEY, as attorney in fact for WALLACE E. HOWISEY, an incapacitated person,

Plaintiff,

v.

TRANSAMERICA LIFE INSURANCE COMPANY, a foreign corporation organized under the laws of the State of Iowa,

Defendant.

Case No. C17-00009RSM

ORDER DENYING DEFENDANT'S MOTION FOR LEAVE RE: OVERLENGTH BRIEF

This matter comes before the Court on Defendant Transamerica Life Insurance Company ("Transamerica")'s Motion for the Court to Accept its Response in Opposition to Plaintiff's Re-Noted Motion to Compel Discovery (At Current Length) or, Alternatively, Motion for Leave to File Shorter Brief." Dkt. #56. The Court has reviewed Transamerica's Motion and determined that it can be denied without the need for responsive briefing. *See* LCR 7(f)(3).

On August 31, 2017, Plaintiff filed a Motion to Compel. Dkt. #34. This Motion was later re-noted for consideration on September 22, 2017. Dkt. #46. On September 18, 2017, Transamerica filed a timely Response brief. Dkt. #49. This brief was 23 pages long, with a

ORDER DENYING DEFENDANT'S MOTION FOR LEAVE RE: OVERLENGTH BRIEF - 1

one-page certificate of service. *Id*. On September 22, 2017, Plaintiff filed a Reply noting that Transamerica's Response brief violated the page limits set forth in Local Rule 7.[1] Dkt. #51. Ten days later, Transamerica filed the instant Motion requesting that the Court consider the full 23 pages of briefing in its Response. Dkt. #56. The instant Motion is three pages long. *Id*. Transamerica admits its counsel "made a mistake" with the excess pages, but argues that it would "reward[] procedural gamesmanship" if the Court did *not* consider its briefing beyond the page limit set forth in the Court's Local Rules. *Id*. at 2. Transamerica argues there would be no prejudice to Plaintiff and that the Court should exercise its discretion in "the interests of justice." *Id*. Alternatively, Transamerica seeks leave to file a shorter Response brief. *Id*. at 3. Transamerica does not explain why more than 12 pages were needed in the first place.

This Court's Local Rules provide an explicit framework for seeking this kind of relief:

**(f) Motions to File Over-length Motions or Briefs**

Motions seeking approval to file an over-length motion or brief are disfavored but may be filed subject to the following:

(1) The motion shall be filed as soon as possible but no later than three days before the underlying motion or brief is due, and shall be noted for consideration for the day on which it is filed, pursuant to LCR 7(d)(1).

(2) The motion shall be no more than two pages in length and shall request a specific number of additional pages.

…

LCR 7(f).

Transamerica admits it made a mistake in failing to follow Local Rule 7, yet now fails to follow that same rule while requesting the Court ignore its prior violation. The instant Motion is clearly "seeking approval to file an over-length… brief," so Local Rule 7(f) applies.

---

[1] Local Rule 7(e) establishes that a motion to compel, not being otherwise listed, cannot exceed 12 pages. As is always the case, the brief in opposition is limited to the same number of pages.

ORDER DENYING DEFENDANT'S MOTION FOR LEAVE RE: OVERLENGTH BRIEF - 2

Transamerica clearly read Local Rule 7(f), citing to one part of it, but makes no mention of the above requirements. Transamerica has violated this rule in several ways. Instead of seeking relief "no later than three days before the underlying… brief is due," Transamerica has filed this 14 days *after* the over-length brief was submitted. Even after its mistake was highlighted in Plaintiff's Reply, Transamerica did not act "as soon as possible," waiting ten days. It is also ironic that, in apologizing for accidentally exceeding a page limit, Transamerica has exceeded the two-page limit for a motion of this type.

The Court concludes that Transamerica did not act diligently to correct its mistake in filing excess pages. Transamerica has also acted with careless disregard of Local Rule 7(f) in filing the instant Motion. These are sufficient bases to deny this Motion. Even if the Court considered the merits of Transamerica's request, over-length briefing is disfavored and never granted without a demonstrated need for additional argument or evidence. However, Transamerica seeks this relief not because of such a need, but because it wishes to avoid the consequences of Local Rule 7(e)(6), pointed out by Plaintiff in the Reply: "[t]he Court may refuse to consider any text… which is not included within the page limits." Given all of the above, this Motion is properly denied under Local Rule 7(f).

Accordingly, the Court hereby finds and ORDERS that Defendant Transamerica's Motion for Leave re: Overlength Brief, Dkt #56, is DENIED.

DATED this 3 day of October, 2017.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER DENYING DEFENDANT'S MOTION FOR LEAVE RE: OVERLENGTH BRIEF - 3