UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MIKE HOWISEY, as attorney in fact for WALLACE E. HOWISEY, an incapacitated person,

Plaintiff,

v.

TRANSAMERICA LIFE INSURANCE COMPANY, a foreign corporation organized under the laws of the State of Iowa,

Defendant.

Case No. C17-0009 RSM

ORDER DENYING MOTION FOR RECONSIDERATION

This matter comes before the Court on Plaintiff Mike Howisey's Motion for Reconsideration. Dkt. #75. The Court has determined that a Response is unnecessary and has not requested one from Defendant. *See* LCR 7(h)(3). The Court incorporates by reference the facts of this case as stated in the underlying Summary Judgment Order ("Order"), Dkt. #73.

"Motions for reconsideration are disfavored." LCR 7(h)(1). "The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence." *Id*. Under Washington law, interpretation of an insurance contract is a question of law. *Overton v. Consol. Ins. Co.*, 145 Wn.2d 417, 424, 38 P.3d 322

ORDER DENYING MOTION FOR RECONSIDERATION - 1

(2002). "The terms of a policy should be given a fair, reasonable, and sensible construction as would be given to the contract by the average person purchasing insurance." *Id.* Furthermore, a policy must be considered "as a whole," including riders or endorsements. *Kitsap Cty. v. Allstate Ins. Co.*, 964 P.2d 1173, 1177 (Wash. 1998). Defined terms "should be interpreted in accordance with [the] policy definition." *Id.*

Generally speaking, Mr. Howisey has diligently and respectfully presented why he disagrees with the Court's rulings, but has failed to demonstrate manifest error in those rulings. Mr. Howisey cites to new facts obtained in discovery after all of the summary judgment briefing was submitted, however these facts are immaterial to the Court's ruling and would not have altered it.

The Court will address each of Mr. Howisey's arguments in turn. First, Mr. Howisey argues the Court overlooked or misapprehended ambiguities in the Policy. Dkt. #75 at 2–3. The Court found the Policy's language unambiguous in "defining the requirements of receiving Nursing Home Benefits versus Assisted Living Facility Benefits," and that "to receive Nursing Home Benefits, the insured must be staying at a Nursing Home licensed as such by the state." Dkt. #73 at 9–10. Mr. Howisey asserts the Court overlooked how the definition of "nursing home" in the policy is more restrictive than a state statutory definition and more restrictive than the term as used in the sale of the policy. Dkt. #75 at 2. It was unnecessary to compare the Policy's definition to statute or sales documents, because under the above standard for interpreting insurance contracts, the policy could be found unambiguous on its own merits by the average person purchasing insurance. Mr. Howisey also argues that the Court overlooked the "substantial compliance" provision. *Id.* at 3. However, as argued in the underlying briefing and considered by the Court, it is undisputed that this provision was never at issue because no

Transamerica representative found Aegis substantially complied with the Policy definition, as required under the Policy. *See* Dkt. #40 at 18 n.7 (citing Dkt. #41 at 12); Dkt. #63 at 13. Arguments about elements of the nursing home definition other than the requirement that the nursing home be licensed as such by the state are irrelevant as the licensing requirement is dispositive.

Second, the instant Motion argues the Order is inconsistent with previously cited Washington State statutes and regulations. Dkt. #75 at 3–8. The Court stands by its analysis of each of those statutes and regulations, and finds that Mr. Howisey has failed to demonstrate manifest error.[1] The Court reiterates that the Policy complies with these regulations because it covers all types of care within a covered facility, and that no regulation cited by Mr. Howisey prevents insurers from requiring facilities to be appropriately licensed, or from offering nursing home benefits and separate assisted living benefits.

Third, Mr. Howisey argues that the Court has overlooked issues of material fact with respect to substantial compliance. As stated above, substantial compliance is not at issue in this case as it is undisputed that no Transamerica representative found Aegis substantially complied with the Policy definition and because the Court found Aegis' failure to meet the licensing requirement dispositive.

Fourth, Mr. Howisey questions the Court's rulings on the remaining claims of bad faith, CPA and IFCA violations, negligent supervision, and intentional misrepresentation. *Id.* at 9–11. This just reiterates and rehashes prior arguments addressed and dismissed in the Court's

---

[1] Mr. Howisey argues the Court did not address in its Order "WAC 284-54-050(6)," which "requires prior skilled or intermediate care as a condition of coverage for institutional or community based care." Mr. Howisey has erroneously cited this regulation, which can be found at WAC 284-54-150(6). The Court did consider this regulation as well as WAC 284-54-150(4), and the Order speaks of WAC 284-54-150 generally in its analysis. *See* Dkt. #73 at 10.

ORDER DENYING MOTION FOR RECONSIDERATION - 3

Order. The Court finds that its Order reached rulings as a matter of law and did not resolve issues of fact.

Fifth, Mr. Howisey addresses his Rule 56(d) request to defer summary judgment and the fact that the Court did not rule on his pending Motion to Compel. *Id*. at 11. Because the Court was able to rule that Mr. Howisey "failed to identify specific facts that further discovery would reveal and why those facts would preclude summary judgment," this request was properly denied and the Motion to Compel was moot. Even now, Mr. Howisey does not identify helpful specific facts that further discovery might reveal.

Finally, Mr. Howisey points to new facts obtained in discovery on November 7 and 8, 2017, after all briefing was submitted. Dkt. #75 at 11–12; *see also* Dkt #76. Mr. Howisey argues that these facts show Transamerica acted in bad faith. The Court notes that this information was obtained weeks before the Court's Order was issued, and Mr. Howisey has failed to demonstrate that this could not have been brought to the Court's attention earlier with reasonable diligence. In any event, these facts would not have altered the Court's ruling because they do not change the fact that Aegis was not licensed as a nursing home, and they fail to materially alter the analysis relied on by the Court in ruling on Mr. Howisey's bad faith claims and other non-contractual claims.

Having reviewed the relevant briefing and the remainder of the record, the Court hereby finds and ORDERS that Defendants' Motion for Reconsideration (Dkt. #75) is DENIED.

DATED this 15th day of December 2017.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE